IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CV-189-BO

| | |
|---|---|
| EMMA R. BOWEN, Executor of the ESTATE OF JOHNNIE C. RIVENBARK a/k/a JOHNNIE CLARANCE RIVENBARK,<br><br>Plaintiff,<br><br>v.<br><br>SSC WALLACE OPERATING COMPANY LLC d/b/a BRIAN CENTER HEALTH & REHABILITATION/WALLACE,<br><br>Defendant. | **ORDER** |

This cause comes before the Court on plaintiff's motion to remand, defendant's motion to amend/correct notice of removal, and defendant's motion for extension of time to file a reply. The pending motions have been fully briefed and the matters are ripe for adjudication.

## BACKGROUND

Plaintiff filed this action in Duplin County Superior Court alleging that defendants breached their duty of care to Johnnie Rivenbark, a patient at the Brian Center Health & Rehabilitation Center, and that Johnnie Rivenbark died as a result. All but one of the original defendants were dismissed by plaintiff while the action was pending in Duplin County. On September 5, 2014, the remaining defendant removed the action to this Court based upon its diversity jurisdiction. 28 U.S.C. § 1332.

## DISCUSSION

An action is removable to federal court only if it could have been brought in federal court. 28 U.S.C. § 1441(a). A civil action may be brought in federal court "where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States." 28 U.S.C. § 1332(a). The burden of establishing federal jurisdiction is on the party seeking removal. *Mulcahey v. Columbia Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction must be strictly construed and if federal jurisdiction is doubtful, remand is necessary. *Id.*

Plaintiff contends that the notice of removal filed by defendant was deficient in that it does not show the citizenship of defendant's members.[1] 28 U.S.C. § 1332 provides that the notice of removal need only contain a short and plain statement of the grounds for removal; a removing defendant is not held to a higher standard than a plaintiff who files a complaint when alleging diversity jurisdiction. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 199 (4th Cir. 2008). Here, defendant alleged that the amount in controversy exceeds $75,000, that plaintiff is a resident of North Carolina, and that defendant is a limited liability company with a chain of ownership of diverse citizenship. Defendant has satisfied § 1332 by making a short and plain statement of the grounds for removal.

While plaintiff correctly contends that defendant did not identify the top of the ownership and membership chain sufficient to determine the citizenship of defendant, *see Cent. W.Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) ("For purposes of diversity jurisdiction, the citizenship of a limited liability company [] is determined by the citizenship of all of its members"), defendant has moved to correct its notice of removal and in opposition to the motion to remand has attached affidavits demonstrating that that top of the ownership chain of defendant is a Delaware corporation with its principal place of business

---

[1] The Court limits its review of its diversity jurisdiction over this matter to the basis challenged by plaintiff, and therefore assumes without deciding that the amount in controversy requirement has been satisfied.

2

in Atlanta, Georgia. [DE 20-3; 26-1]; 28 U.S.C. § 1332(c) (corporation is a citizen of any state where it is incorporated and of the state where its principal place of business is located).

Plaintiff opposes defendant's motion to amend its notice of removal, arguing that it is beyond the thirty-day period within which to amend and that defendant seeks to substantively amend its notice. 28 U.S.C. §§ 1446(b); 1653. Indeed, "after thirty days, district courts have discretion to permit amendments that correct allegations already present in the notice of removal, [but] Courts have no discretion to permit amendments furnishing new allegations of a jurisdictional basis." *Wood v. Crane Co.*, 764 F.3d 316, 323 (4th Cir. 2014). Here, defendant does not seek to allege a new basis for jurisdiction, but rather seeks to make a technical amendment to its notice of removal by clarifying the "exact grounds underlying diversity jurisdiction." *Id.* Such an amendment is permitted and the Court in its discretion allows defendant's request.

## CONCLUSION

For the foregoing reasons and for good cause shown, defendant's motion for extension of time to file a reply [DE 24] and defendant's motion to amend/correct its notice of removal [DE 15] are GRANTED. Because defendant has satisfied its burden to show that this Court has diversity jurisdiction over the instant action, plaintiff's motion to remand [DE 12] is DENIED. Defendant is DIRECTED to file its amended notice of removal within five days of the date of entry of this order.

SO ORDERED, this 22 day of January, 2015.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3

Case 7:14-cv-00189-BO   Document 28   Filed 01/23/15   Page 3 of 3